# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Machela Rowell,

Plaintiff

v.

DC Prep Public Charter School – Edgewood Elementary Campus,

Defendant.

Case No: _____

Case: 1:25-cv-03632
Assigned To : Unassigned
Assign. Date : 10/10/2025
Description: Employ. Discrim. (H-DECK)

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

## 1. PARTIES

Plaintiff:
Machela Rowell

_____
202 Oklahoma ave NE, Washington DC 20002 apt 1
2029049778
rowellmachela17@gmail.com

Defendant:
DC Prep Public Charter School – Edgewood Elementary Campus
701 Edgewood St. NE
Washington, DC 20017

## 2. JURISDICTION

This action is brought under Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act, for discrimination and retaliation in employment. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343.

## 3. EXHAUSTION OF ADMINISTRATIVE REMEDIES

RECEIVED

OCT 1 0 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Right-to-Sue Letter dated _____. This complaint is filed within 90 days of receiving that letter.

## 4. STATEMENT OF CLAIM

I began working for DC Prep Public Charter School – Edgewood Elementary Campus in January 2023 as an Academic Intervention Fellow. During my employment, I was subjected to discrimination and retaliation after notifying leadership of my pregnancy. Despite reporting safety concerns and requesting reasonable accommodations, I received little to no support. Instead, I was unfairly scrutinized, disciplined, and ultimately faced a hostile and unsupportive work environment.

## 5. FACTUAL ALLEGATIONS

December 2023: I learned that I was pregnant and informed leadership of my pregnancy. Around this same time, I began experiencing aggressive behavior from a student. Despite notifying administration about my safety concerns, no additional protections, adjustments, or support were provided to ensure my safety.

January 2024: I requested resources and accommodations related to my pregnancy. Administration initially instructed me to send work home for my specific student who was my 1-on-1, but later contradicted this guidance by holding a meeting against that practice. During this time, I continued to face unsafe student behavior with minimal support or intervention.

February 2024: My work began to be unfairly scrutinized, and I was required to attend additional meetings. I was given conflicting directions by different supervisors and received little support or clarity.

## 6. DAMAGES

As a result of Defendant's actions, Plaintiff suffered:
- Loss of income and career opportunities
- Emotional distress and mental anguish
- Reputational harm
- Other damages to be determined at trial

Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems just and proper.

## 7. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:
1. Enter judgment in Plaintiff's favor;
2. Award back pay, front pay, and compensatory damages;
3. Award punitive damages;

4. Order injunctive relief to prevent future discrimination;

5. Award costs and reasonable attorney's fees.


Respectfully submitted,

Machela Rowell

Date: 10/10/25

202 Oklahoma ave NE, Washington DC 20002 apt 1

2029049778

Rowellmachela17@gmail.com

Plaintiff, Pro Se

# Exhibit A – Factual Background

*(Attached to the Complaint of Machela Rowell v. DC Prep Public Charter School – Edgewood Elementary Campus)*

## Employment Background

I began working for DC Prep Public Charter School – Edgewood Elementary Campus in January 2023 as an Academic Intervention Fellow (AIF). My performance was positive, and I fulfilled all assigned duties until I began experiencing pregnancy-related issues and a lack of support from school leadership.

## December 2023

I learned that I was pregnant and informed school leadership of my pregnancy. Around this same time, a student began displaying aggressive behavior toward me, including physical outbursts. Despite notifying administration about my safety concerns, no accommodations, adjustments, or additional protections were provided to ensure my safety during pregnancy.

## January 2024

I requested resources and support related to my pregnancy. Leadership gave conflicting directions about my work expectations — I was told to send work home but later criticized for following that instruction. I continued to experience unsafe student behavior and received little to no intervention from administration.

## February 2024

My work began to be unfairly scrutinized, and I was required to attend additional meetings. I received conflicting instructions from supervisors — one told me to let a student sleep, but when I followed that direction, I was reprimanded by Rebecca Davis and Janae Easley.

During this same month, a student pushed me into cubbies, creating a dangerous situation while I was pregnant. I requested to switch students with a male staff member to ensure safety, but my request was denied. Leadership insisted I remain in the same room, even after I explained that I felt unsafe and that the situation might trigger further aggression. I was told it was "my job" and that I could not ask my team for support.

After speaking up, I began to experience micromanagement of my breaks and daily schedule.

**February – March 2024**

Leadership called a meeting about "professionalism." Instead of addressing my pregnancy-related concerns, the meeting focused on criticizing me for speaking up and expressing my frustrations.

**March 2024**

Even after the aggressive student left my classroom, I was not provided any relief or recognition for the challenges I had faced. I was not issued an offer letter for the following school year.

I requested a transition into a Teacher Assistant position at another campus, citing my experience and desire for a safer environment, but I was told there were "no available roles," despite seeing open listings online.

**April – May 2024**

Leadership continued to micromanage and move me between classrooms ("floating"), leaving me without stable placement until the end of the school year.

When I took an important doctor's call about my pregnancy leave, leadership

later brought it up as a "performance issue."

I continued to express interest in transferring to a different position or campus but was repeatedly told there were no opportunities, even though openings were visible online.

**Impact on Me**

As a result of the discrimination and retaliation, I experienced significant emotional and physical distress. I felt humiliated, anxious, and constantly under pressure. The hostile environment caused me to lose sleep, affected my mental health, and created ongoing stress that impacted my pregnancy and personal life.

I also experienced strain in my relationships and overall well-being due to the ongoing lack of support and retaliation. These actions had a lasting impact on my emotional health and caused pain and suffering beyond the workplace.

**Additional Information**

• Multiple coworkers witnessed the incidents and expressed concern about how I was being treated.
• I have emails and documentation showing I raised concerns about safety and accommodations.
• At the conclusion of the school year, I was forced to resign.

**Summary**

I believe that DC Prep discriminated and retaliated against me in violation of Title VII of the Civil Rights Act of 1964 (Pregnancy Discrimination Act) by:
- Failing to provide reasonable accommodations or safety adjustments during pregnancy.
- Subjecting me to heightened scrutiny, micromanagement, and criticism after disclosing my pregnancy.

-Denying me opportunities for reassignment or transfer despite open positions.

- Creating a hostile and retaliatory work environment that caused physical and emotional harm.

# Exhibit B – Statement of Claim

*(Attached to the Complaint of Machela Rowell v. DC Prep Public Charter School – Edgewood Elementary Campus)*

I began working for DC Prep Public Charter School – Edgewood Elementary Campus in January 2023 as an Academic Intervention Fellow. My job performance was positive, and I met expectations. After I disclosed my pregnancy to leadership in December 2023, I began experiencing unsafe working conditions, denial of support, and retaliation.

I reported repeated incidents involving aggressive student behavior and requested accommodations for my safety. Leadership, including Janae Easley, Rebecca Davis, and Jonathan Caldera, failed to implement reasonable adjustments or ensure a safe environment. Instead, I received conflicting directions, was unfairly scrutinized, and was told not to seek help from my team. My pregnancy-related concerns were ignored, and my breaks and daily schedule became micromanaged after I spoke up.

Throughout February to May 2024, I was subjected to increased hostility, denied opportunities for reassignment, and repeatedly told there were "no openings" despite visible job postings. When I took a doctor's call regarding my pregnancy leave, it was used against me as a performance issue. The treatment I experienced after disclosing my pregnancy reflected clear discrimination and retaliation.

As a result, I suffered emotional distress, anxiety, and ongoing stress that affected my health and well-being. I believe that DC Prep Public Charter School violated Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act by failing to provide reasonable accommodations, retaliating against me for asserting my rights, and creating a hostile work environment.

2:38
◄ Gmail

570-2025-04183_Closure+Notice-...  ⌄    **Done**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Washington Field Office
131 M Street, NE Fourth Floor, Suite 4NWO2F
Washington, DC 20507
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/21/2025

**To:** Machela Rowell
1559 southview dr apt 101
OXON HILL, MD 20745
Charge No: 570-2025-04183

EEOC Representative and email:    DIEP HOWARD
INVESTIGATOR SUPPORT ASSISTANT (BILINGUAL-
VIETNAMESE)
DIEP.HOWARD@EEOC.GOV

## DISMISSAL

The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 570-2025-04183

On behalf of the Commission,

Digitally Signed By:Mindy E. Weinstein
08/21/2025

Mindy E. Weinstein
Director

Cc:
David Burke
DC Prep Edgewood Elementary Campus
707 edgewood st ne
WASHINGTON, DC 20017

dc prep pcs elementary campus
707 edgewood st ne
WASHINGTON, DC 20017

Please retain this Notice for your records.

Cc:
David Burke
DC Prep Edgewood Elementary Campus
707 edgewood st ne
WASHINGTON, DC 20017

dc prep pcs elementary campus
707 edgewood st ne
WASHINGTON, DC 20017

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05-25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information

Enclosure with EEOC Notice of Closure and Rights (05/25)

## 3 of 4     INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court within **90 days** of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

To make a FOIA request for your charge file, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 570-2025-04183 to the District Director at Mindy E. Weinstein, 131 M Street, NE Fourth Floor Suite 4NWO2F, Washington, DC 20507.

To make a Section 83 request for your charge file, submit a signed written request stating it is a "Section 83 Request" for Charge Number 570-2025-04183 to the District Director at Mindy E. Weinstein, 131 M Street, NE Fourth Floor Suite 4NWO2F, Washington, DC 20507.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.